J-S51007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEWIS JEROME LEE | |
| Appellant | No. 2054 EDA 2015 |

Appeal from the PCRA Order June 9, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002441-1975;
CP-23-CR-000342-1975

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:           **FILED MAY 26, 2016**

Appellant, Lewis Jerome Lee, appeals from the order entered in the Delaware County Court of Common Pleas, which denied his recent petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On December 9, 1975, Appellant pled guilty as a juvenile to murder generally (found to be felony murder—accomplice liability), robbery, and related offenses arising from his involvement in a robbery of two off-duty police officers on March 25, 1975.  Appellant's cohort shot and killed one of the officers.  Appellant was fifteen years old at the time of the incident.  On August 9, 1976, the court imposed an automatic life sentence without the possibility of parole ("LWOP").  Appellant's direct appeal was unsuccessful.  ***See Commonwealth v. Lee***, 484 Pa. 335, 399 A.2d 104

---

*Retired Senior Judge assigned to the Superior Court.

(1979) (affirming judgment of sentence by equally divided Court). Appellant subsequently filed various failed petitions for collateral relief. He filed his most recent petition *pro se* on July 5, 2012, seeking relief under the United States Supreme Court's decision, filed on June 25, 2012, in ***Miller v. Alabama***, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). The PCRA court appointed counsel, who filed a no-merit letter and petition to withdraw. The PCRA court held the matter in abeyance, pending resolution of ***Commonwealth v. Cunningham***, 622 Pa. 543, 81 A.3d 1 (2013). Thereafter, the PCRA court granted counsel's petition to withdraw and issued Rule 907 notice on July 22, 2014. Appellant filed a *pro se* response, but the court dismissed the petition on June 9, 2015. Appellant timely filed a *pro se* notice of appeal on June 29, 2015, and a timely court-ordered Rule 1925(b) statement. While the appeal was pending, the United States Supreme Court decided ***Montgomery v. Louisiana***, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (filed 1/27/16) (holding ***Miller*** applies retroactively to cases on collateral review). Counsel entered an appearance for Appellant in this Court on April 4, 2016, and filed a counseled brief on Appellant's behalf, raising ***Miller*** as reinvigorated by ***Montgomery***, where Appellant was fifteen years old at the time of the offenses and falls within the class of juvenile offenders who can benefit from the ***Montogmery/Miller*** decisions. ***See also Commonwealth v. Secreti***, 134 A.3d 77 (Pa.Super. 2016) (holding orders denying PCRA relief in cases involving ***Montgomery/Miller*** must be

reversed and remanded for resentencing consistent with this new rule of substantive law and ***Commonwealth v. Batts***, 620 Pa. 115, 131-32, 66 A.3d 286, 296 (2013)).

> [A]t a minimum [the court] should consider a juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

***Id.*** at 133, 66 A.3d at 297. Taking such factors into consideration, the imposition of a minimum sentence in all but the most egregious cases, is the most appropriate remedy for the federal constitutional violation that occurs when a court has mechanically and mandatorily applied a LWOP sentence on a juvenile offender. ***Id.***

Here, Appellant was a fifteen-year-old juvenile when he participated in a robbery on March 25, 1975, which resulted in one death. Appellant filed his current PCRA petition on July 5, 2012, asserting a new constitutional right under ***Miller, supra***, both as an exception to the statutory timeliness requirements and as a basis for substantive relief. The court denied Appellant's petition per ***Cunningham, supra***. In light of recent case law, however, ***Cunningham*** no longer controls in this context. ***See Secreti, supra***. Accordingly, we reverse the PCRA court's order denying relief, vacate Appellant's judgment of sentence, and remand for resentencing in

- 3 -

accordance with **Batts, supra**. The Commonwealth concedes this resolution is appropriate. Due to our disposition, we deny as moot any outstanding motion for remand.

Order reversed; judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2016